IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID L. TURNER,

                                                                         OPINION AND ORDER

                 Plaintiff,

                                                                         20-cv-686-bbc

     v.

WARDEN DANIEL WINLESKI, DEPUTY WARDEN
TIMOTHY THOMAS, LT. JACOB LAVOY,
CAPT. PAUL BELOUNGY, SECURITY DIRECTOR
BRIAN CAHAK, CO CHRIS ENDREAS, SGT. OLSON,
SGT. JAMES THORNSEN, LT. TRAVIS HAAG,
T. MILLER, B. MULLER, NURSE PRANGE,
NURSE R. HUNEKE AND DR. HOFFMAN,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff David L. Turner has filed a civil action under 42 U.S.C. § 1983, contending that staff at New Lisbon Correctional Institution violated his constitutional rights in various ways, including by falsely accusing him of sexual assault, subjecting him to an unfair disciplinary hearing, ignoring his request for psychological help and failing to provide him adequate medical treatment for a broken arm. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

I cannot conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As discussed below,

1

plaintiff's complaint contains two separate lawsuits. I will give plaintiff an opportunity to choose which claim he wishes to pursue in this case, which claim he wants to pursue in a different case, or which claim he wishes to dismiss without prejudice to refiling it at a later date.

OPINION

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. Lee v. Cook Cty., Illinois, 635 F.3d 969, 971 (7th Cir. 2011); In re High Fructose Corn Syrup Antitrust Litigation, 361 F.3d 439, 441 (7th Cir. 2004); Aiello v. Kingston, 947 F.2d 834, 835 (7th Cir. 1991). Even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. Lee, 635 F.3d at 971.

All of plaintiff's allegations are about staff at New Lisbon Correctional Institution taking actions that plaintiff believes violated his constitutional rights. First, he alleges that he was falsely accused of sexual assault, subjected to an unfair disciplinary hearing and punished with 120 days in segregation as a result. Second, he alleges that prison staff ignored him and provoked him after he told them he was suicidal, and then, during the same incident, staff ignored him and failed to provide him proper medical care after he fell and broke his arm. These allegations are based on distinct incidents that occurred at different times and involved different primary decisionmakers. Therefore, plaintiff's allegations and

claims must be divided into two lawsuits under Rule 20, Rule 21, and the court's inherent authority.  UWM Student Ass'n v. Lovell, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.").  Those lawsuits are:

> (1) Plaintiff's claims that he was falsely accused of sexual assault, subjected to an unfair disciplinary hearing, punished with 120 days in segregation and transferred to a different prison as a result.
>
> (2) Plaintiff's claims that he told prison staff that he was suicidal, and that staff responded by covering his cell window, laughing and yelling at him and failing to provide plaintiff help after he fell and broke his arm.  This lawsuit also includes plaintiff's claims that he was denied adequate medical treatment after breaking his arm.

Under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), I may apply plaintiff's filing fee to only one of the two lawsuits I have identified above.  Plaintiff will have to choose which lawsuit that is.  That lawsuit will be the only lawsuit assigned to this case number.  As for the other lawsuit, plaintiff has to make a choice.  One option for plaintiff is to pursue the other lawsuit separately.  If plaintiff chooses this option, he will be required to pay a separate filing fee for the other lawsuit.  In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) if his lawsuit is dismissed for failure to state a claim upon which relief may be granted or for one of the other reasons listed in § 1915(g).  As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss his other lawsuit voluntarily.  If he

chooses that route, he will not owe an additional filing fee or face a strike for the lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Because it is not clear at this time which of plaintiff's two lawsuits he will pursue, I have not assessed the merits of the claims raised in either of the lawsuits identified above or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the two lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute them.

## ORDER

IT IS ORDERED that:

1. Plaintiff David L. Turner may have until October 13, 2020 to identify for the

court whether he wishes to proceed with lawsuit (1) or (2) under the case number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 20-cv-686-bbc.

2. Also by October 13, 2020 plaintiff is to tell the court whether he wishes to pursue his other lawsuit under a separate case number, or whether he will dismiss it voluntarily.

3. If plaintiff chooses to dismiss his other lawsuit voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. If plaintiff chooses to pursue his other lawsuit under a separate case number, he will owe a separate filing fee.

5. Once plaintiff chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If plaintiff fails to respond to this order by October 13, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered this 23rd day of September, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5