IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID L. TURNER,

                                                                                    ORDER

                Plaintiff,

                                                                20-cv-686-bbc

      v.

WARDEN DANIEL WINLESKI, DEPUTY WARDEN
TIMOTHY THOMAS, LT. JACOB LAVOY,
CAPT. PAUL BELOUNGY, SECURITY DIRECTOR
BRIAN CAHAK, CO CHRIS ENDREAS, SGT. OLSON,
SGT. JAMES THORNSEN, LT. TRAVIS HAAG,
T. MILLER, B. MULLER, NURSE PRANGE,
NURSE R. HUNEKE AND DR. HOFFMAN,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a previous order, I dismissed plaintiff David L. Turner's complaint in this case for failure to state a claim upon which relief can be granted. He alleged that he was falsely accused of sexual assault, subjected to an unfair disciplinary hearing, given a punishment of 120 days in segregation and transferred to a different prison. However, his allegations did not suggest that he was deprived of a liberty interest protected by due process, or that he was denied process required by the constitution. Now plaintiff has filed a motion for reconsideration, in which he asks for additional time to present evidence to support his claims. Dkt. #16. He also asks the court to recruit an attorney to help him present evidence.

      I will deny plaintiff's motion. Plaintiff's motion for reconsideration falls under rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion is successful only if the

1

movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff's motion does not fall into either category, as he has not identified any error of law or fact or any newly discovered evidence. Plaintiff asks for more time to present evidence to support his claims, but his complaint was not dismissed for lack of evidence. It was dismissed because even if I assume all of plaintiff's allegations are true, his allegations do not suggest that defendants violated his due process rights. Additional evidence would not have changed the outcome of plaintiff's case.

I decline to recruit counsel for plaintiff. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). In determining whether to recruit counsel, the court must evaluate whether the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Id. at 654-55. In this instance, plaintiff's claims failed not because of his abilities or the complexity of the case, but because his allegations did not support any constitutional claim. I am not persuaded that it would be appropriate to recruit counsel in such a case.

ORDER

IT IS ORDERED that plaintiff David L. Turner's motion for reconsideration, dkt. #16, is DENIED.

Entered this 23d day of February, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge